UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

UNITED STATES OF AMERICA,

                -against-

WILLIAM VANMANEN,

                Defendant.
------------------------------------------------------------------------X

For Online Publication Only

**ORDER**
16-CR-79 (JMA)

FILED
CLERK
4:58 pm, Oct 22, 2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**APPEARANCES:**

Breon S. Peace
   United States Attorney
Mark E. Misorek
    Assistant United States Attorney
Eastern District of New York
610 Federal Plaza
Central Islip, NY 11722
     *Attorneys for the United States*

William Van Manen
Pro Se Reg. No. 23459-053
Allenwood LSCI
P.O. Box 1000
White Deer, PA 17887
     *Pro Se Defendant*

**AZRACK, United States District Judge:**

     Pending before the Court is the renewed motion for compassionate release of defendant William Van Manen ("Defendant"). (ECF No. 43.) Defendant is currently serving a term of 30 months of incarceration after pleading guilty, pursuant to a cooperation agreement, to an information charging violations of 18 U.S.C. § 38(a)(l)(C) (fraud involving aircraft parts in interstate commerce), 22 U.S.C. § 2778(b)(2) (attempt to violate the Arms Export Control Act), and 13 U.S.C. § 305(a)(l) (failure to file export information). (ECF Nos. 7, 29.)

Defendant previously moved for compassionate on two occasions. On June 26, 2020, United States Circuit Judge Joseph F. Bianco denied Defendant's first motion. (ECF No. 38.) Defendant subsequently filed and then withdrew a second motion for compassionate release. (ECF Nos. 39, 41, 42.) After he filed the instant third motion for compassionate release, Defendant's case was reassigned from Judge Bianco to the undersigned on September 3, 2021. For the reasons set forth below, the Court **DENIES** the motion.

## I.   APPLICABLE LAW

Following the exhaustion of all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility—whichever is earlier—a defendant may file a motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). The statute provides that after considering the factors set forth in 18 U.S.C. § 3553(a), the Court may reduce a sentence if extraordinary and compelling reasons justify such action. 18 U.S.C. § 3582(c)(1)(A).

"[D]istrict courts [may] consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020); see also id. at 236 ("Because Guideline § 1B1.13 is not applicable to compassionate release motions brought by defendants, Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling." (internal quotation marks omitted)). However, "[e]ven if extraordinary and compelling reasons exist," the district court "may deny" compassionate release "if, in its discretion, compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances." United States v. O'Neil, No. 17-CR-444, 2021 WL 1616915, at *1 (E.D.N.Y. Apr.

26, 2021) (quoting United States v. Davies, No. 17-CR-57, 2020 WL 2307650, at *2 (E.D.N.Y. May 8, 2020)).

## II. DISCUSSION

The parties do not dispute that Defendant has exhausted his administrative rights. However, Defendant has failed to demonstrate extraordinary and compelling reasons that warrant compassionate release. In his pending motion, Defendant again raises the health conditions he previously brought to Judge Bianco's attention—including prior heart surgeries, coronary artery disease, hypertension, diabetes, melanoma, and major depressive disorder—and argues that his affliction with these ailments while incarcerated during the COVID-19 pandemic warrants compassionate release. Judge Bianco previously rejected this argument, finding that "even if defendant were at materially higher risk of contracting COVID-19 at Allenwood than on home detention, his medical conditions would not warrant his release because the 18 U.S.C. § 3553(a) factors as applied to this particular case override defendant's COVID-19 risk." (ECF No. 38 at 3.) Judge Bianco emphasized that Defendant's "crimes all posed serious potential harm to the community" and "his release at [that] juncture would not adequately reflect the seriousness of the offense, nor would it afford adequate deterrence to criminal conduct." (Id. at 3-4.)

The Court agrees with Judge Bianco's reasoning, which it adopts here by reference. However, the Court notes that Judge Bianco's prior rationale is even stronger at this juncture given that Defendant has now received a Moderna COVID-19 vaccine. "As several courts have concluded, the risk of COVID-19 for a vaccinated individual is substantially reduced to the point that a defendant will typically not be able to demonstrate extraordinary and compelling reasons after he has been vaccinated." United States v. Jones, No. 17-CR-214, 2021 WL 4120622, at *2

3

(S.D.N.Y. Sept. 9, 2021).  While the Court is sympathetic to Defendant's medical conditions, they do not entitle him to compassionate release under these circumstances.

Additionally, to the extent Defendant argues that the Court can grant him home confinement for the remainder of his sentence, the Court lacks the power to do so.  "Although the Second Circuit 'has not determined whether a district court has the power to order a defendant to serve his term of imprisonment in home confinement[,] [o]ther Circuits . . . have held that this power rests solely with the Bureau of Prisons.'"  United States v. Spaulding, No. 16-CR-851, 2021 WL 4691140, at *2 (S.D.N.Y. Oct. 6, 2021) (quoting United States v. DiBiase, 857 F. App'x 688, 689–90 (2d Cir. 2021)).  This Court will therefore follow the approach of many other district courts in this circuit and will defer to the Bureau of Prisons' determination on this issue.  Id. (collecting cases).

### III.  CONCLUSION

For the reasons set forth above, Defendant's motion is **DENIED**.

**SO ORDERED.**

Dated:  October 22, 2021
      Central Islip, New York

                                          /s/ (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE